PONCE & GUAYAMA RAILROAD COMPANY, Complainant,

*v.*

AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

San Juan, Law, No. 1043.

ON OBJECTION TO TESTIMONY AND MOTION TO DIRECT A VERDICT.

Pleading and Practice.
    1. Where a plaintiff had an opportunity before trial to raise objections either by demurrer or motion to certain parts of an answer, the court will not stop in the course of a jury trial, after the parties have announced themselves ready and have proceeded with the trial, to pass upon such objections.

Contracts—Variation by Parol.
    2. The terms of a written contract may subsequently be varied by parol by the parties to the contract.

Opinion filed January 4, 1916.

---

*Mr. Chas. Hartzell* for complainant.

*Mr. Francis H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

In this case two motions are presented to the court,—the first by the defendant objecting to the reception of any testimony by the plaintiff relating to what is ordinarily known as voluntary payments; that is to say, in this case the defendant contends that the parties agreed practically to a monthly settlement, and that there must be alleged a mistake of fact before those settlements can be set aside, and that there is not such a state of facts set up in the complaint.

I think this has been substantially passed upon by the court, either directly or indirectly, in previous proceedings in the case, either in the opinion on the demurrer or in the opinion in the equity case. The construction that the court put upon the contract then was—and I think it was correct and should control the case throughout the present trial at all events—that those monthly payments were not to be construed as final in any sense of the word, that they were provisional; and that there was to be at the end of the contract period a final settlement. A final settlement necessarily means more than the twelve settlements. It means going over the twelve settlements; and, as I understand the pleadings, this suit is brought in time to raise this question of the final settlement. So I do not think the objection can be sustained. That motion is therefore overruled.

There is another objection or motion. It is right hard to define it. It is made by the plaintiff, and it sets up that it is not necessary to prove anything; that the court should go ahead and direct a verdict without any evidence, on the ground that the answer does not answer the complaint; that the answer is based

upon the idea of a variation of a solemn contract by parol, and that this cannot be done.

I think it would be a sufficient answer to say that, if it is true this is good law, it should have been raised by demurrer or something in the course of the pleadings after a certain paragraph of the answer was filed, and not raised at the trial. It is something like a motion to dismiss for want of equity in equity, which can be raised at any time; but such is not the rule at law. Unless there is a question of jurisdiction involved, the defense stands on the answer as filed. The court cannot stop to determine demurrers during the course of a jury trial. We have to have certain days for law questions and certain days for questions of fact. And further, if this could be presented at all, it cannot be presented after the parties have announced themselves ready and gone to the jury. But further than the point of when it should be presented, I have very serious doubts whether it could be presented at any time.

The point is this: Here is a contract which provides for, we will say, three kinds of train service. The last, the mixed, is to some extent a combination of the other two. The allegation of the answer is that the parties, as I understand it, found it more convenient to them not to have separate trains for passenger and freight service; and the answer, I believe, says that by distinct agreement they combined the two. If it is a fact that they made and carried out such a new agreement, I seriously doubt whether either party could afterwards set up that they did not agree to it because they had not put it in some particular form.

This is a suit between the parties to the contract. No outsiders are involved at all, and I rather think that the party could not take advantage of his own wrong,—let another go and per-

form a contract in a certain way, vary it in a certain way, and still keep on with it, and then afterwards say that he himself ought not pay for it. That offhand would not commend itself to the court. But it is not necessary perhaps to try that issue at present. The motion is overruled now on the ground that it is presented either too late or too soon.